**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Michael Lee Sawer and RPM Automation Inc., | Case No. 2:26-cv-01667-RMG |
| Plaintiffs, | |
| v. | **ORDER** |
| Brian Jacob Fehr, individually, and Brian Fehr Group Holdings Ltd., | |
| Defendants. | |

This matter is before the Court on Plaintiffs' motion for default judgment. (Dkt. No. 9). For the reasons set forth below, the motion is granted.

### I.    Background

Plaintiffs brought this action against Defendants asserting claims for breach of contract and, in the alternative, unjust enrichment, arising from Defendants' failure to pay the indebtedness owed under two Non-Negotiable Promissory Notes, the related Limited Payment Guaranties executed by Defendant Brian Fehr, and the Assumption Agreement executed by Defendants. *See generally* (Dkt. No. 1).

Plaintiffs served Defendants on May 10, 2026. (Dkt. No. 6). Defendants did not file an answer to the Complaint, and at Plaintiffs' request (Dkt. No. 7), the Clerk of the Court entered a default in this case against Defendants on June 4, 2026 (Dkt. No. 8). Plaintiffs subsequently filed a motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. (Dkt. No. 9). Defendants did not file a response in opposition to Plaintiffs' motion.

This matter is ripe for disposition.

## II.     Legal Standard

Federal Rule of Civil Procedure 55(b) permits the Court to enter a default judgment upon motion by a party and to conduct a hearing to determine the amount of damages, if necessary. Fed. R. Civ. P. 55(b). A Rule 55(b) default judgment is appropriate where the Court determines that "the well-pleaded allegations in [the] . . . complaint support the relief sought in [the] action." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citation omitted). The defendant "is not held to admit facts that are not *well-pleaded* or to admit conclusions of law." *DIRECTV, Inc. v. Pernites*, 200 F. App'x 257, 258 (4th Cir. 2006) (emphasis in original) (citation omitted). Therefore, the "appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." *Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians*, 187 F.3d 628, 1999 WL 598860, at *1 (4th Cir. Aug. 10, 1999) (unpublished opinion). In other words, "a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *DIRECTV, Inc.*, 200 F. App'x at 258 (citation and punctuation omitted). The Court may conduct this analysis by considering the Complaint under the Rule 12(b)(6) standard. *See, e.g.*, *Commodity Futures Trading Comm'n v. Dupont*, No. 8:16-cv-02358-TMC, 2018 WL 3148532, at *5 (D.S.C. June 22, 2018).

## III.     Discussion

The Complaint and accompanying motion contain "well-pleaded allegations of fact" and proper claims such that Defendants admit owing Plaintiffs $22,560,000.00—comprising principal amounts of $20,160,000.00 and $2,400,000.00, each bearing interest at 7.0% per year, with late charges and enforcement costs (including attorneys' fees). (Dkt. No. 9-1 at 5). The Court therefore grants Plaintiffs' motion for default judgment under the terms set forth in their motion.

**IV.     Conclusion**

For the foregoing reasons, Plaintiffs' motion for default judgment (Dkt. No. 9) is

**GRANTED**.

**AND IT IS SO ORDERED.**

s/Richard M. Gergel

Richard Mark Gergel
United States District Judge

June 26, 2026
Charleston, South Carolina